*Wang v. Lynch*

BIA
Cheng, IJ
A089 856 139

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT:
            GUIDO CALABRESI,
            ROBERT D. SACK,
            GERARD E. LYNCH,
                *Circuit Judges.*
_____

QIANG WANG,
        *Petitioner,*

        v.                                          13-3180
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**
_____

FOR PETITIONER:        Zhou Wang, New York, NY.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiang Wang, a native and citizen of China, seeks review of a July 29, 2013, decision of the BIA affirming a November 8, 2011, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Wang*, No. A089 856 139 (B.I.A. July 29, 2013), *aff'g* No. A089 856 139 (Immig. Ct. N.Y. City Nov. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Wang's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and on any inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Here, a totality of the circumstances, including inconsistencies and omissions in Wang's testimony and the record evidence, the IJ's assessment of Wang's demeanor, and a lack of corroborating evidence, support the agency's adverse credibility determination.

First, the agency reasonably relied on omissions in Wang's personal statement when compared with his testimony.  *Id*. at 166 n.3.  Wang testified that when he was arrested in May 2008,

3

the police interrogated him before beating him, but his personal statement alleges that the police "did not say anything" before the beating. Wang further testified that he was interrogated, beaten up, and then beaten again on this occasion, but included only one beating in his personal statement. These inconsistencies provide substantial support for the IJ's adverse credibility determination because they directly relate to the one significant instance of persecution that Wang alleges. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The agency also reasonably relied on omissions in Wang's corroborating evidence when compared with his testimony. For instance, Wang testified that his church in China was aware of his arrest, but the church certificate he provided does not mention his arrest. Wang also testified that his mother accompanied him to a dental clinic after the alleged beating, but his mother's letter does not mention such a visit.

Moreover, the IJ reasonably relied on Wang's demeanor during the merits hearing in finding him not credible. We afford particular deference to the IJ's assessment of demeanor. *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007); *Jin Chen*

*v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). As the IJ found, Wang failed to provide satisfactory explanations for the multiple inconsistencies between his testimony and the record evidence, stating either that he did not know the reasons for the omissions or that he did not think it was important to include certain information. The IJ found that Wang "did not testify in what [she] would characterize as a candid or forthright manner" during these lines of questioning, and we defer to that finding.

The agency also reasonably found that Wang did not meet his burden of establishing an objectively reasonable fear of future persecution. To establish eligibility for asylum, an applicant who has not established past persecution must demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). To demonstrate a well-founded fear of persecution, an applicant must show both that he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant can establish the objective reasonableness of his fear of future persecution by

5

either (1) offering evidence that he would be singled out individually for persecution, or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country.  8 C.F.R. § 1208.13(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007).

Wang does not argue that the Chinese government engages in a pattern or practice of persecuting Christians.  "To establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). In light of the adverse credibility finding, Wang has not established that the Chinese government is aware of him, and in light of the government's evidence that millions of people in China worship at unregistered churches without interference from police, the isolated incidents of abuse of such worshippers to which Wang points do not establish that the Chinese government will single him out for persecution for practicing Christianity.

Because Wang is unable to establish the objective likelihood of harm needed to make out an asylum claim, he is also unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```